Julie KUMMERLE, Plaintiff–Appellant

v.

EMJ CORPORATION, Defendant–
Appellee.

No. 12–10869
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 16, 2013.

Douglas R. Johnson, Trophy Club, TX,
for Plaintiff–Appellant.

Tracey Renee Wallace, Jackson Walker,
L.L.P., Dallas, TX, for Defendant–Appel-
lee.

Before JONES, DENNIS, and
HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Julie Kummerle
("Kummerle") appeals the FED.R.CIV.P.
12(c) dismissal of her Title VII retaliation
claim. She alleges that her former em-
ployer, EMJ Corporation ("EMJ"), termi-
nated her because she complained about
public displays of affection between a male
supervisor and female coworker. Because
Kummerle's pleadings fail to establish that
she had a reasonable belief that EMJ's
work environment violated Title VII, we
AFFIRM.

Kummerle asserts that her former su-
pervisor, Ray Catlin ("Catlin"), and anoth-

er employee, Daisy Owens ("Owens"), cre-
ated a "sexually charged atmosphere" at
EMJ by frequently engaging in consensual
intimate conduct (such as Catlin's rubbing
Owens's back) in front of other employees.
She contends that the public displays of
affection, while not sexually explicit, were
offensive to observers. In May 2011,
Kummerle and another employee, Carolyn
Paulus ("Paulus"), complained to EMJ's
Chief Operating Officer about the discom-
fort they and other females in the office
felt as a result of the behavior. Shortly
thereafter, Kummerle was terminated by
Catlin.

Kummerle sued EMJ, asserting hostile
work environment and retaliation claims
under Title VII. After concluding that
Kummerle failed to plead facts establish-
ing a reasonable inference that either the
unwelcome harassment was based on
Kummerle's sex or that her belief that she
was subjected to a hostile work environ-
ment was objectively reasonable, the dis-
trict court dismissed both claims with prej-
udice. Kummerle appeals the dismissal of
her retaliation claim.

We review a district court's order grant-
ing a Rule 12(c) motion for judgment on
the pleadings *de novo,* using the same
standards applied to a Rule 12(b)(6) mo-
tion to dismiss. *Johnson v. Johnson,* 385
F.3d 503, 529 (5th Cir.2004). We accept a
complaint's well-pleaded facts as true and
view them in the light most favorable to
the plaintiff. *Id.* "Threadbare recitals of a
cause of action, supported by mere conclu-
sory statements, do not suffice." *Ashcroft
v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937,
1949, 173 L.Ed.2d 868 (2009).

Title VII makes it unlawful for an em-
ployer to retaliate against an employee
who opposes an employment practice that

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violates Title VII. 42 U.S.C. § 2000e–3(a). To establish a retaliation claim, a plaintiff must plead facts showing that she had a reasonable belief that the employer was engaged in an unlawful employment practice. *Byers v. Dallas Morning News,* 209 F.3d 419, 428 (5th Cir.2000).

Kummerle argues that she reasonably believed that the public displays of affection between Catlin and Owens created a hostile work environment in violation of Title VII. We disagree. As adequately explained by the district court, Kummerle's pleadings contain no indication that the consensual intimate conduct between Catlin and Owens was either motivated by a discriminatory intent toward women or sufficiently egregious to come close to establishing an unlawful work environment.[1] The reasonableness of Kummerle's belief is further undermined by the fact that she fails to cite any case holding that public displays of affection in the workplace are sufficient to cause a violation of Title VII. *But cf. Bourbeau v. City of Chicopee,* 445 F.Supp.2d 106, 113 (D.Mass.2006) ("The court is aware of no decision under Title VII ... which would extend hostile work environment protection to an employee ... who simply witnessed ... amorous contact [such as kissing, back rubbing, and intimate embracing] between two co-workers."). Offensive and unprofessional behavior by co-workers is not, alone, a violation of law. Therefore, the district court correctly held that Kummerle's retaliation claim fails as a matter of law.

The judgment of the district court is AFFIRMED.

---

1. Contrary to Kummerle's assertions, the district court did not err by applying a "reasonable person" standard instead of a "reasonable woman" standard when it evaluated the hostility of the alleged harassment. *See, i.e., Butler v. Ysleta Indp. Sch. Dist.,* 161 F.3d 263, 269 (5th Cir.1998) (stating that a sexually objectionable environment must be "one that a *reasonable person* would find hostile or abusive" (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 787, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662 (1998)) (emphasis added)). The term "reasonable person" is a gender neutral way of referring to a "reasonable woman" or a "reasonable man."